SUMMARY ORDER
Plaintiffs BGA, LLC and The Western Mohegan Tribe and Nation of the State of New York (‘Western Mohegan”) appeal the district court’s dismissal of their amended complaint on the ground that no case or controversy existed between them and defendant Ulster County. The district court also declined to exercise jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201. BGA, LLC v. Ulster County, No. 06-CV-0095, 2008 WL 84591, at *2-3 (N.D.N.Y. Jan. 7, 2008). A district court’s legal conclusions in a dismissal for lack of subject matter jurisdiction are reviewed de novo, see Capital Ventures Int’l v. Republic of Argentina, 552 F.3d 289, 293 (2d Cir.2009), but its decision not to exercise jurisdiction over a declaratory judgment action is reviewed for abuse of discretion, see Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 411 F.3d 384, 388 (2d Cir.2005). We assume the parties’ familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.
The heart of the dispute between the parties is whether Ulster County may levy taxes on Western Mohegan’s property in the county. In the amended complaint, plaintiffs sought only declaratory relief that, among other things, Western Mohegan is exempt from paying property taxes to Ulster County because of its status as a “sovereign Indian Nation.” Amended Compl. ¶ 69(a). As the district court correctly pointed out, however, this taxation dispute need not be resolved by determining whether Western Mohegan should be federally recognized as an Indian tribe, but can be resolved in the first instance by reference to the parties’ 2001 “Agreement and Mutual Release,” in which Ulster County agreed not to tax plaintiffs’ property. Because plaintiffs could have brought a breach of contract claim, which clearly would have presented a genuine controversy between the parties and avoided constitutional questions, we conclude that the district court did not abuse its discretion in declining to exercise jurisdiction in this case.[1] Cf. Lyng v. Nw. Indian Cemetery Protective Ass’n, 485 U.S. 439, 445, 108 S.Ct. 1319, 99 L.Ed.2d 534 (1988) (“A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them.”).
The judgment of the district court is AFFIRMED.

. We note that following the district court's dismissal of this case, on February 8, 2008, plaintiffs brought another suit against Ulster County in the Northern District of New York, alleging, among other things, breach of contract. See BGA, LLC v. Ulster County, No. 08-0149-cv, 2008 WL 897062 (N.D.N.Y. filed Feb. 8, 2008).